# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| KENNETH BARNES,<br><br>*Plaintiff*,<br><br>-v-<br><br>SOUTHSTAR TRUCKING, INC.,<br><br>*Defendant*. | Civil Case No.:<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Kenneth Barnes ("Plaintiff") is a citizen and resident of the State of South Carolina.

2. Defendant Southstar Trucking, Inc. ("Defendant Southstar" or "Southstar"), is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located in the State of Texas.

3. On the day of the crash, Defendant Southstar was a motor carrier registered under DOT Number 1335776, subject to regulation by the Federal Motor Carrier Safety Administration and was authorized to conduct business in South Carolina.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), as there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the crash giving rise to this action occurred in Spartanburg County, South Carolina, and the defendant transacts business in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

7. On July 26, 2025, Plaintiff was driving a motor vehicle in the middle, southbound lane of Interstate 85 in Greer, South Carolina.

8. At that same time and place, an agent or employee of Southstar ("Southstar's Driver"), acting in the course and scope of his agency or employment with Southstar, had been operating a tractor-trailer hauling heavy excavation equipment on an 'Oversize Load' flatbed trailer.

9. For reasons not yet known, Southstar's Driver stopped the tractor-trailer on the right shoulder of I-85 and left approximately half of the flatbed trailer extended into the right travel lane of the interstate.

10. Continuing to drive in the middle lane, Plaintiff approached the area where Southstar's tractor-trailer was stopped, when suddenly and unexpectedly, another tractor-trailer, traveling in the right lane next to Plaintiff, swerved left to avoid Southstar's equipment blocking the right lane.

11. To avoid a collision, Plaintiff immediately steered to the right.

12. Plaintiff could not see Southstar's tractor-trailer as his view was obstructed by the swerving, second tractor-trailer.

13. Plaintiff did not know and could not have known in time that the Southstar's tractor-trailer was blocking his intended path. There was no sufficient warning or advance notice provided by Southstar's Driver.

14. Plaintiff violently crashed into the left rear corner of the Southstar's parked trailer at highway speed, causing severe and permanent injuries.

15. Southstar's Driver failed to deploy appropriate emergency warning devices and failed to activate or maintain hazard warning flashers.

16. At all relevant times, Southstar's Driver was acting within the course and scope of his employment and agency with Southstar, making Southstar vicariously liable for his conduct under the doctrine of *respondeat superior*.

## FIRST CAUSE OF ACTION
(Negligence)

17. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

18. Southstar and its Driver were subject to the Federal Motor Carrier Safety Regulations ("FMCSRs"), Title 49 C.F.R. Parts 350-399, which impose safety duties on operators of commercial motor vehicles, including,

   a. Operating the vehicle as a reasonably prudent, professional driver of commercial motor vehicles;

   b. Deploying warning devices, e.g., reflective triangles, flares or other required markers, when a commercial motor vehicle is stopped on the traveled portion or shoulder of a road for any cause other than a necessary traffic stop; and

   c. Operating in compliance with all applicable state, local and federal traffic laws.

19. Southstar's driver breached that duty by, among other things, stopping the trailer in a manner that left part of it protruding into a travel lane, failing to deploy

required warning devices, failing to take other reasonable measures to alert approaching motorists of the hazard, and otherwise operating his vehicle in an unreasonable and unsafe manner.

20. As a direct and proximate result of Southstar's Driver's negligence, Plaintiff sustained injuries and damages.

21. Defendant Southstar is vicariously liable for the negligent acts and omissions of its employee and agent.

## SECOND CAUSE OF ACTION
(Negligence *Per Se*)

22. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

23. Southstar's Driver violated the following statutory duties contained in the Federal Motor Carrier Safety Regulations and South Carolina Code of Laws, among others, each of which was enacted for the safety and protection of motorists, including Plaintiff:

   a. 49 C.F.R. § 392.2 (applicable operating rules; incorporation of state law)
   b. 49 C.F.R. § 392.22 (requiring emergency signals; stopped commercial motor vehicles);
   c. S.C. Code Ann. § 56-5-1930 (prohibits parking on highway); and
   d. S.C. Code Ann. § 56-5-3230 (drivers to exercise due care).

24. Each statutory violation constitutes negligence *per se* and was a direct and proximate cause of the collision and Plaintiff's resulting injuries and damages.

25. Defendant Southstar is vicariously liable for the negligence *per se* of its employee and agent.

## THIRD CAUSE OF ACTION
(Recklessness, Willfulness, and Punitive Damages)

26. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

27. In addition to the foregoing acts of negligence and negligence *per se*, Southstar's Driver's conduct constituted recklessness, willfulness, and wantonness.

28. Such conduct demonstrates a conscious indifference to the rights and safety of Plaintiff and others lawfully on the roadway.

29. Defendant Southstar is vicariously liable for the reckless, willful and wonton conduct of its employee and agent.

30. As a direct and proximate result of Southstar's Driver's reckless, willful, and wanton conduct, for which Southstar is vicariously liable, Plaintiff is entitled to an award of punitive damages in addition to actual damages.

## FOURTH CAUSE OF ACTION
(Direct Negligence)

31. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

32. At all times relevant, Defendant Southstar owed duties to the motoring public, including Plaintiff, to exercise reasonable care in the hiring, training, supervision, and retention of its drivers.

33. Defendant Southstar breached these duties by hiring and retaining its driver despite its knowledge, actual or constructive, of his unfitness, inexperience, unsafe driving history, or incompetence to safely operate a commercial motor vehicle.

34. Defendant Southstar further breached its duties by failing to properly train its driver in the safe operation of tractor-trailers, including compliance with the federal motor carrier safety regulations and industry safety standards.

35. Defendant Southstar also failed to adequately supervise and monitor its driver's driving performance and continued to employ him despite evidence or warning signs of unsafe driving practices.

36. As a direct and proximate result of Defendant Southstar's negligent hiring, training, supervision, and retention of its driver, Plaintiff sustained serious and permanent injuries, incurred medical expenses, lost wages, endured pain and suffering, and sustained other damages.

37. Plaintiff is entitled to recover actual and punitive damages against Defendant Southstar for its direct negligence.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendant and deter similar conduct; costs of this action; attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**MORGAN & MORGAN P.A.**

/s/ *James G. Biggart II*
JAMES G. BIGGART II, ESQ.
Federal ID:   14195
COOPER KLAASMEYER, ESQ.

Federal Id:     14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:     (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

October 7, 2025
Charleston, South Carolina