# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| KENNETH BARNES,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHSTAR TRUCKING, INC.,<br><br>Defendant. | C/A No. 7:25-cv-12866-JDA<br><br>**DEFENDANT SOUTHSTAR TRUCKING, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**(Jury Trial Demanded)** |

The Defendant, Southstar Trucking, Inc. (hereinafter "Defendant" or "Southstar"), by and through the undersigned counsel, hereby answers the Complaint of the Plaintiff, Kenneth Barnes, as follows:

1. Except as admitted expressly herein, each and every allegation of the Plaintiff's Complaint is denied.

2. Defendant admits, upon information and belief, the allegations of Paragraph 1.

3. Defendant admits the allegations of Paragraph 2.

4. Defendant admits the allegations of Paragraph 3.

5. The allegations of Paragraphs 4-5 call for a legal conclusion to which no response is required. To the extent a response is contemplated, Defendant denies the allegations of Paragraphs 4-5 and demands strict proof thereof.

6. Answering the allegations of Paragraph 6, Defendant restates its responses to Paragraphs 1-5 of Plaintiff's Complaint as if fully set forth herein verbatim.

7. Defendant lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 7 and, therefore, denies the same.

8. Defendant lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 8, and therefore, denies the same.

9. Defendant lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 9, and therefore, denies the same.

10. Defendant lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraphs 10-13, and therefore, denies the same.

11. Defendant lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 14, and therefore, denies the same.

12. Defendant denies the allegations of Paragraph 15 and demands strict proof thereof.

13. Defendant lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 16, and therefore, denies the same.

14. Answering the allegations of Paragraph 17, Defendant restates its responses to Paragraphs 1-16 of Plaintiff's Complaint as if fully set forth herein verbatim.

15. The allegations of Paragraph 18 call for a legal conclusion to which no response is required. To the extent a response is contemplated, the allegations of Paragraph 18 are denied, and strict proof thereof is demanded.

16. Defendant denies the allegations of Paragraphs 19-21 and demands strict proof thereof.

17. Answering the allegations of Paragraph 22, Defendant restates its responses to Paragraphs 1-21 of Plaintiff's Complaint as if fully set forth herein verbatim.

18. Defendant denies the allegations of Paragraph 23 and its sub-paragraphs (a) through (d) and demands strict proof thereof.

19.     Defendant denies the allegations of Paragraphs 24-25 and demands strict proof thereof.

20.     Answering the allegations of Paragraph 26, Defendant restates its responses to Paragraphs 1-25 of the Plaintiff's Complaint as if fully set forth herein verbatim.

21.     Defendant denies the allegations of Paragraphs 27-30 and demands strict proof thereof.

22.     Answering the allegations of Paragraph 31, Defendant restates its responses to Paragraphs 1-30 of the Plaintiff's Complaint as if fully set forth herein verbatim.

23.     Defendant admits the allegations of Paragraph 32.

24.     Defendant denies the allegations of Paragraphs 33-37 and demands strict proof thereof.

25.     Defendant denies the allegations of the WHEREFORE paragraph and the relief sought therein.

26.     Defendant requests a jury trial.

## **FOR A SECOND DEFENSE**

27.     Defendant, upon information and belief, alleges that any damages allegedly suffered by Plaintiff, without admitting same to be true, were due to and caused entirely by the negligence of Plaintiff, and that such is a complete bar to their recovery herein. Further, Defendant, upon information and belief alleges that if Plaintiff's negligence was less than Defendant's negligence, that such should be compared to that negligence of Defendant so as to apportion the relative fault as to each party.

## FOR A THIRD DEFENSE

28.     Defendant asserts that the subject incident was the result of an unavoidable accident, for which reason Defendant is not liable to Plaintiff in any sum whatsoever

## FOR A FOURTH DEFENSE

29.     Defendant, upon information and belief, alleges that any damages allegedly suffered by Plaintiff, without admitting same to be true, are due to and caused by the sole acts/omissions or negligence, recklessness, willfulness, wantonness, carelessness, and gross negligence of Plaintiff or its agents and were not caused by Defendant, which sole negligence of Plaintiff is a complete bar to their attempt to recover from Defendant.

## FOR A FIFTH DEFENSE

30.     Defendant would allege that any damages, which are denied, are the result of an intervening act or omission of a third party.

## FOR A SIXTH DEFENSE

31.     Defendant, upon information and belief, alleges that any damages allegedly suffered by Plaintiff, without admitting same to be true, were not proximately caused by the subject incident, and that such is a complete bar to their recovery herein.

## FOR A SEVENTH DEFENSE

32.     Defendant asserts entitlement to all benefits, privileges, protections and limitations on any punitive damages award under the South Carolina Fairness in Civil Justice Act of 2011, as codified in S.C. Code Ann. §§15-32-510, 15-32-520, 15-32-530 and 15-32-540.

## FOR AN EIGHTH DEFENSE

33.     Defendant submits that it has not had an opportunity to conduct a complete investigation or to engage in adequate discovery regarding the circumstances of Plaintiff's

allegations. Defendant intends to act as best it can to inform itself of the pertinent facts and prevailing circumstances surrounding any reported damage as alleged in Plaintiff's Complaint and gives notice of its intent to assert any further defenses that its information gathering process may indicate are supported by fact and law. Defendant thus reserves the right to amend this Answer and assert additional defenses.

## **FOR A NINTH DEFENSE**

34. Defendant would further show that the imposition of punitive damages, if any are sought by Plaintiff, would violate the rights of Defendant under the common law of the State of South Carolina and the Constitutions of the United States and the State of South Carolina in that:

   a. An award of punitive damages would violate the rights of Defendant to due process and equal protection of the laws, as guaranteed by the United States Constitution and its 14th Amendment, and equivalent protections afforded by the South Carolina Constitution;

   b. Plaintiff's claim cannot be sustained because an award of such damages, subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of such damages that a jury may impose and providing no protection against multiple awards for the same course of conduct, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution, and would violate equivalent protections of the South Carolina constitution.

   c. South Carolina law provides no constitutionally adequate or meaningful standards to guide a jury in imposing a punitive award, or give to the public, including Defendant, the reasonable and constitutionally required notice of the kind of conduct which may subject it to sanctions, or of the likely amount of such sanctions. Since scienter is an indispensable element of a criminal charge, Defendant should not be subjected to the risk of punishment for an alleged offense as to which scienter is impossible because there are no ascertainable standards other than the arbitrary discretion of a jury;

   d. Defendant states that the correct standard for submitting Plaintiff's burden of proof for punitive damages is "clear and convincing evidence." Any

    lesser standard is in violation of the due process clause of the Fourteenth Amendment of the United States Constitution and equivalent protections of the South Carolina constitution.

  e. To the extent South Carolina law leaves the determination of the fact and amount of punitive damages to the arbitrary discretion of the trier of fact, without providing adequate or meaningful limits to the exercise of that discretion, this constitutes a taking without due process of law; and

  f. Defendant specifically incorporates by reference all standards and limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 530 U.S. 408 (2003), and *Philip Morris v. Williams*, 127 S. Ct. 1057 (2007).

### FOR A TENTH DEFENSE

35. Defendant should not be held jointly and severally liable pursuant to the provisions of Section 15-38-15 of the South Carolina Code of Laws and/or other similar statutes.

### FOR AN ELEVENTH DEFENSE

36. Defendant does not waive and does reserve all rights to raise any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

### FOR A TWELFTH DEFENSE

37. Defendant also hereby gives notice that it intends to rely on such other affirmative defenses pled by Plaintiff or other parties in this matter and as may become available or apparent during the course of discovery, and thus reserves the right to amend its Answer to assert such defenses.

[*Signature page follows*]

<u>s/Gray T. Culbreath</u>
Gray T. Culbreath, Fed. ID No. 5647
Gallivan, White & Boyd, P.A.
1201 Main Street, Suite 1200
Columbia, SC 29201
gculbreath@gwblawfirm.com

***Attorney for Defendant***

December 1, 2025