IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| KENNETH BARNES,<br><br>                          Plaintiff,<br><br>v.<br><br>SOUTHSTAR TRUCKING, INC.,<br><br>                          Defendant. | Civil Action No.: 7:25-cv-12866-JDA<br><br><br><br>**PLAINTIFF'S LOCAL CIV. RULE 26.03 DISCLOSURES** |

**I.     Local Civ. Rule 26.03 (D.S.C.) Disclosures**

1.  **Short statement of the facts of the case:**

    RESPONSE:  This action arises from an incident on Interstate 85 in Spartanburg County in which a tractor-trailer operated by Southstar Trucking, Inc., became inoperative in the right lane of travel. Plaintiff alleges Defendant, by and through its agent or employees, failed to take property safety precautions to warn Plaintiff of the danger. Plaintiff also alleges Defendant was negligent in the maintenance of the vehicle, as well as in its hiring, training, and supervision of its employees. Due to the incident, Plaintiff suffered bodily injury and has undergone medical treatment.

2.  **Names of fact witnesses likely to be called and a brief summary of their expected testimony:**

    RESPONSE:

    Plaintiff Kenneth Barnes
    109 Raintree Lane
    Gaffney SC, 29340

    Mr. Barnes is expected to testify as to his knowledge of the facts and circumstances surrounding the subject collision, the nature and extent of his injuries, his subsequent medical treatment, and the other elements of damage he suffered.

    Representatives of Southstar Trucking, Inc.
    17275 County Road 75
    Clearwater MN, 55320

Representatives of Southstar Trucking, Inc. are expected to testify regarding the hiring, training, and supervision of Defendant's driver. In addition, Southstar Trucking, Inc.'s driver who was operating the vehicle on the day of the crash is expected to testify regarding their knowledge of the factual circumstances. Additionally, the representatives are expected to testify regarding the policies and procedures implemented in the company's trucking operations.

LCPL. T.C. Henry c /o South Carolina Highway Patrol District 3
33 Villa Road, Suite 200, Box 103
Greenville SC. 29615

LCPL. Henry is the law enforcement officer who investigated the subject incident. LCPL. Henry is expected to testify regarding his investigation of the crash.

Nell Rose Steed, MD c/o Spartanburg Regional Medical Center
101 E Wood Street
Spartanburg SC, 29303

Dr. Steed is the treating physician who provided medical treatment to Plaintiff following the crash. Dr. Steed is expected to testify regarding Plaintiff's injuries and treatment.

Brian J. Lewis, MD c/o Spartanburg Regional Medical Center
101 E Wood Street
Spartanburg SC, 29303

Dr. Lewis is the treating physician who provided medical treatment to Plaintiff following the crash. Dr. Lewis is expected to testify regarding Plaintiff's injuries and treatment

3. **The names and subject matter of expert witnesses:**

RESPONSE:

Plaintiff has not retained any experts expected to testify at this time. Plaintiff expects to call Plaintiff's treating doctors to testify under Rule 26(a)(2)(C), Federal Rules of Civil Procedure. Additionally, Plaintiff anticipates calling expert witnesses to testify about the medical causation of Plaintiff's injuries, permanency of Plaintiff's injuries, and the necessity of future medical care. Finally, Plaintiff reserves the right to timely disclose and call an accident reconstruction expert and/or transportation safety expert if necessary.

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

RESPONSE:

Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.*, 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

As discovery is ongoing, plaintiff reserves the right to supplement for any additional claims which may result.

5. **Proposed Deadlines:**

   RESPONSE: See the Consent Proposed Amended Scheduling Order submitted by the Parties (Dkt. 7-1, Proposed Amended Conference and Scheduling Order).

6. **Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

   RESPONSE: Plaintiff is not aware of any special circumstances at this time.

7. **Additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

   RESPONSE: Plaintiff does not consent to a trial before a United States Magistrate Judge at this time.

[Signature on Following Page]

                                          **MORGAN & MORGAN, P.A.**
                                        /s/ Cooper Klaasmeyer
                                        JAMES G. BIGGART II, ESQ.
                                        Federal ID:     14195
                                        COOPER KLAASMEYER, ESQ.
                                        Federal ID:     14272
                                        4401 Belle Oaks Drive, Suite 300
                                        North Charleston, SC, 29405
                                        Telephone:     (843) 973-5186
                                        Fax:               (843) 973-5208
                                        Biggartlitigation@forthepeople.com
                                        **Attorneys for the Plaintiff**

January 6, 2026
Charleston, SC