**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| KENNETH BARNES,<br><br>    Plaintiff,<br><br>vs.<br><br>SOUTHSTAR TRUCKING, INC.,<br><br>    Defendant. | C/A No. 7:25-cv-12866-JDA<br><br>**DEFENDANT SOUTHSTAR TRUCKING, INC.'S ANSWERS TO LOCAL CIVIL RULE 26.03 INTERROGATORIES** |

  Defendant Southstar Trucking, Inc. (hereinafter "Defendant" or "Southstar"), by and through the undersigned counsel, hereby submits answers to interrogatories propounded by the Court pursuant to Local Civil Rule 26.03, as follows:

  1. A short statement of the facts of the case:

**ANSWER:**

**This action arises from a motor vehicle collision which occurred on Interstate 85 in or around Greer, South Carolina on or about July 26, 2025. Plaintiff alleges that he suffered injuries and damages as a result of the subject collision. Defendant denies that it is liable for Plaintiff's alleged damages, which damages are also denied.**

  2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony:

**ANSWER:**

 **(1) Kenneth Barnes**
   c/o Morgan & Morgan, P.A.

**Kenneth Barnes is the plaintiff in this matter. He is expected to testify as to facts surrounding the alleged incident and his alleged injuries.**

 **(2) Representative(s) of Southstar Trucking, Inc.**
   c/o Gallivan, White & Boyd, P.A.

**Southstar Trucking, Inc. is the defendant in this matter. A representative of Southstar Trucking, Inc. is expected to testify as to any recollection (or lack thereof) of the alleged incident and any knowledge (or lack thereof) of the facts and circumstances surrounding this incident.**

   **(3) Anthony Tyrone Wolfe**
       **6501 Lake Forest Road E.**
       **Charlotte, NC 28227**
       **(901) 496-9557**

**Anthony Tyrone Wolfe is a witness in this matter. He is expected to testify as to his recollection (or lack thereof) of the alleged incident and his knowledge (or lack thereof) of the facts and circumstances surrounding this incident.**

**Defendant also reserves the right to call any witnesses named by Plaintiff, and any witnesses named by any other party which may be added to, or become a part of, this litigation through amendments of pleadings, consolidation or otherwise.**

   3.    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered):

**ANSWER:**

**Defendant has not yet named any experts in this action but reserves the right to do so at a later date and in accordance with Rule 26, FRCP, and any Scheduling Order issued by the Court. Any expert witnesses named by Defendant would likely testify to the areas of accident reconstruction, past medical treatment, future medical expenses, and future economic loss.**

**Defendant reserves the right to name and call any witness listed by any party in this action, including, but not limited to, any experts as well as any witnesses otherwise identified during the course of discovery and litigation of this action. Defendant reserves the right to elicit expert testimony from any witnesses otherwise identified through the course of discovery regarding issues for which those witnesses are qualified to render expert opinions.**

   4.    A summary of the claims or defenses with statutory and/or case citations supporting the same:

**ANSWER:**

**Plaintiff asserts causes of action for negligence; negligence *per se*; recklessness, willfulness, and punitive damages; and direct negligence.**

**Defendant would show that Plaintiff's claims are barred as follows:**

- **Any damages allegedly suffered by Plaintiff, without admitting same to be true, are due to and caused by the sole acts/omissions or negligence, recklessness, willfulness, wantonness, carelessness, and gross negligence of Plaintiff or its agents and were not caused by Defendant.**

- **Any damages, which are denied, are the result of an intervening act or omission of a third party.**

- **Any damages allegedly suffered by Plaintiff, without admitting same to be true, were not proximately caused by the subject incident.**

- **Defendant has asserted the protections afforded it under the South Carolina Fairness in Civil Justice Act of 2011, as codified in S.C. Code Ann. §§15-32-510, 15-32-520, 15-32-530 and 15-32-540.**

- **Defendant has not had an opportunity to conduct a complete investigation or to engage in adequate discovery regarding the circumstances of Plaintiff's allegations.**

5. Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):

   a. Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.

   b. Completion of discovery.

**ANSWER:**

**Defendant craves reference to the Consent Amended Scheduling Order which was entered by this Court as DE #9 on January 12, 2026.**

6. Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).

**ANSWER:**

**Defendant is not aware of any such special circumstances at this time.**

7. Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.

**ANSWER:**

**Defendant is not aware of any such requests from the Court for additional information at this time.**

                                          Respectfully submitted,

                                          s/Gray T. Culbreath
                                          Gray T. Culbreath, Fed. ID No. 5647
                                          Sarah Kennedy, Fed. ID No. 14624
                                          Gallivan, White & Boyd, P.A.
                                          1201 Main Street, Suite 1200
                                          Columbia, SC 29201
                                          gculbreath@gwblawfirm.com
                                          skennedy@gwblawfirm.com

                                          ***Attorney for Defendant***

January 13, 2026